ALBERTUS LARROWE, Appellant, *v.* HERMAN J. LEWIS et al., Respondents.

In an action to recover an over payment alleged to have been made to defendants upon a contract for the purchase of railroad ties, it appeared that plaintiff agreed to take at certain prices for different woods, all ties defendants could get during the season, "ties to be counted and paid for before put in the river." Defendants were not paid more than they were entitled to for ties actually delivered and accepted, reckoning them at the prices fixed by the contract. The referee found that the word "counted," as used in the contract, meant inspected. Plaintiff claimed that, as on inspection part of the ties delivered were classified by plaintiff's inspectors as seconds, and were in fact seconds, he was not bound to pay therefor the price for first-class ties. *Held*, untenable; that the finding that the word "counted" means "inspected," might authorize the rejection of all but first-class ties, but did not in the absence of a provision in the contract to that effect, justify the conclusion that both firsts and seconds might be accepted and only the actual value of the seconds paid for them.

(Submitted June 3, 1891; decided June 16, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 23, 1890, which affirmed a judgment in favor of defendants entered upon the report of a referee.

The following is the opinion in full:

"It is conceded that the defendants were not paid any money in excess of that to which they were entitled for ties actually delivered and accepted by the plaintiff, reckoning them at the price fixed by the contract. The claim of the plaintiff is that the payments were made in advance, and that as part

of the ties· delivered were,. upon. inspection by the plaintiff's inspector, classified as seconds and were, in fact, seconds, that the plaintiff was not bound to pay therefor the price of first-class ties, and, consequently, that he is entitled to recover the deficiency as an over·payment. .

"The difficulty is that by the contract one price was to be paid for all the ties the defendant should deliver. The finding that the· word "counted" means "inspected" might authorize· the· rejection of all but first-class ties, but it does not justify the conclusion that the plaintiff might accept both classes and pay only for the second class their actual value, in the absence of any provision in the contract to that effect.

"The plaintiff requested a finding that this was the custom in contracts of this kind. The evidence is contradictory upon the point, and the referee refused the request of the plaintiff to find the· custom alleged, and to this refusal no exception was taken..

. "Upon the case, as presented, there appears to be no error in the record, and the judgment should, therefore, be affirmed."

*E. A. Nash* for appellant.

*J. F. Parkhurst* for respondents.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.